UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: PAYCHECK PROTECTION PROGRAM (PPP)　　　　　　　MDL No. 2950
AGENT FEES LITIGATION


ORDER DENYING TRANSFER


**Before the Panel**:[*] Plaintiff in one action in the Northern District of Georgia moves under 28 U.S.C. § 1407 to centralize this litigation in the District of Arizona. The litigation consists of 12 actions pending in 10 districts, as listed on Schedule A. Since the filing of the motion, the Panel has been notified of 50 related actions pending in an additional 16 districts. The actions allege that lenders across the banking industry failed to pay legally mandated "agent fees" owed to agents who assisted small businesses in applying for loans that were approved under the Paycheck Protection Program ("PPP"), a federal loan program established under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") to help small businesses suffering economic damage from COVID-19 related shutdowns.

The defendants in the actions on the motion and related actions are over a hundred lenders authorized to make PPP loans, including numerous community and regional banks and nationwide banks such as Chase, Bank of America, and Wells Fargo.[1] All responding defendants except Chase and Wells Fargo oppose centralization.[2] Most of the opposing defendants request that, if

---

[*] Judge Ellen Segal Huvelle and Judge David C. Norton took no part in the decision of this matter.

[1] "Chase" refers to JPMorgan Chase Bank N.A., and JPMorgan Chase & Co.; "Wells Fargo" refers to Wells Fargo Bank, N.A., and Wells Fargo & Co.; and "Bank of America" refers to Bank of America, N.A. and Bank of America Corporation.

[2] Defendants opposing centralization are: Bank of America; Synovus Bank; Ameris Bank; Celtic Bank Corp.; MUFG Union Bank N.A., and MUFG Americas Holding Co.; City National Bank; Fifth Third Bank National Association and Fifth Third Bankcorp; First National Bank of Pennsylvania and F.N.B. Corp.; Harvest Small Business Finance, LLC; Huntington Bancshares Incorporated and The Huntington National Bank; KeyCorp and KeyBank N.A.; Live Oak Banking Company; MidFirst Bank; The North Side Bank & Trust Company; PNC Financial Services Group, Inc., and PNC Bank N.A. (together, "PNC"); ServisFirst Bank; Truist Bank and Truist Financial Corporation (together, "Truist"); U.S. Bancorp and U.S. Bank National Association (together, "U.S. Bank"); Signature Bank and Signature Financial LLC; Cross River Bank; Square Capital, LLC; Citibank, N.A. and Citigroup Inc.; Wintrust Bank, N.A.; CME Federal Credit Union; First Financial Bancorp.; First Financial Bank; Telhio Credit Union; First Hawaiian Bank; Bank of

(continued...)

-2-

centralization is ordered over their objections, any MDL should be lender-specific and established only for the largest or most frequently sued lenders. Chase opposes industry-wide centralization, but supports a Chase-specific MDL in which claims against other lenders in multi-defendant actions are separated and remanded to their original forums. Wells Fargo supports industry-wide centralization and is opposed to lender-specific MDLs. Nearly all defendants propose that, in the event of industry-wide centralization, the Northern District of Georgia should be the transferee district and, in the event of lender-specific MDLs, they variously propose the Southern District of Florida, Northern District of Georgia, District of Maryland, Southern District of Ohio, and Western District of Pennsylvania.

On the plaintiffs' side, all responding plaintiffs but one (*Smukler*) support centralization of all actions in a single industry-wide MDL, with disagreement limited to the transferee district. Most also oppose lender-specific MDLs, which they assert would defeat the anticipated efficiencies from centralization. But one counsel representing plaintiffs in 21 related actions requests that, if an industry-wide MDL is rejected, lender-specific MDLs should be established for the 15 largest PPP lenders and national banks sued in three or more actions. Plaintiff opposing industry-wide centralization (*Smukler*) supports a lender-specific MDL for claims against Chase. The transferee districts proposed by the various plaintiffs are the District of Arizona, Northern District of California, Southern District of Florida, Northern District of Illinois, Southern District of New York, Southern District of Ohio, District of South Carolina, and Western District of Washington.

On the basis of the papers filed and the hearing session held,[3] we conclude that centralization will not serve the convenience of the parties and witnesses or further the just and efficient conduct of the litigation. The actions undoubtedly allege similar policies and practices by the defendant banks – specifically, that defendants failed to pay fees to agents who assisted small businesses in applying for and obtaining PPP loans, contrary to the provisions of the CARES Act and federal regulations. But the actions involve dozens of different lenders, and there is no common or predominant defendant across all actions. Common factual questions are lacking, as the policies and practices for paying agent fees are unique to each lender which differ significantly across the

---

[2](...continued)
Hawaii; Central Pacific Bank; American Savings Bank, F.S.B. (sued as Hawaiian Electric, Inc.); Kabbage, Inc.; Cadence Bancorporation; Cadence Bank, N.A.; ServisFirst Bank; Newton Federal Bank; Honat Bancorp; Honesdale National Bank; Peoples Financial Services Corp.; Peoples Security Bank & Trust Co.; Academy Bank, N.A.; BOKF, NA and BOK Financial Corporation; Regions Bank and Regions Financial Corporation; Bank OZK; Interamerican Bank F.S.B.; BankUnited, N.A.; Interstate Bank; Frost Bank; Amerant Bank, N.A.; Bank of South Texas; CenterState Bank Corporation; and CenterState Bank, N.A.

[3] In light of the concerns about the spread of COVID-19 virus (coronavirus), the Panel heard oral argument by videoconference at its hearing session of July 30, 2020. *See* Suppl. Notice of Hearing Session, MDL No. 2950 (J.P.M.L. July 14, 2020), ECF No. 287.

-3-

actions.[4] Moreover, the vast majority of defendants are named in only one action, further indicating a lack of common questions of fact.

The proponents of centralization argue that an industry-wide MDL still is warranted by the central common legal issue in these actions – whether agents have a legal entitlement to agent fees under the CARES Act or implementing regulations.[5] But "[c]ommon legal questions are insufficient to satisfy Section 1407's requirement of common factual questions." *See In re Hotel Indus. Sex Trafficking Litig.*, 433 F. Supp.3d 1353, 1356 (J.P.M.L. 2020).[6]

The Panel also has determined that lender-specific MDLs are not warranted. Although some common factual questions likely exist on a lender-specific basis, the creation of lender-specific MDLs would create significant inefficiencies. Many actions are multi-lender actions, and the creation of the proposed numerous lender-specific MDLs would require extensive separation and remand of claims to ensure that (1) the claims against the various lenders are transferred to the correct MDL, and (2) the claims against unrelated lenders are simultaneously separated and remanded to their transferor courts. This would have the effect of significantly multiplying the

---

[4] For example, the Northern District of Alabama *Leigh King Norton & Underwood* action is brought against Regions Bank; the Western District of Pennsylvania *HallockShannon* action names as defendants Citizens & Northern Corp., Citizens & Northern Bank, FNCB Bancorp, Inc., First National Community Bank, F.N.B. Corp., First National Bank of Pennsylvania, Honat Bancorp, Honesdale National Bank, Peoples Financial Services Corp., and Peoples Security Bank & Trust Company; and the Northern District of Georgia *Alliant* action names Bank of America, Ameris Bank, Bank OZK, Cadence Bank, N.A., Centerstate Bank, Newton Federal Bank, Synovus Bank, Truist Bank, and Wells Fargo. There is no overlap among the defendants in those three actions, indicating an absence of common factual issues and no overlapping discovery.

[5] *See, e.g.,* Movant's Reply Br., ECF No. 223, at 10 ("The real question at the heart of this litigation is whether the CARES Act mandates that agents who assisted borrowers in applying for PPP loans are paid their agent fees out of the lender fees – the answer to this question drives all liability in the Related Actions."); Def. Wells Fargo Br., ECF No. 170, at 4 ("Plaintiffs' claims . . are based on the simple (and incorrect) assertion that they are entitled to fees for their work *under the statute and regulation alone*.") (emphasis in original).

[6] *See also, e.g., In re ABA Law School Accreditation Litig.*, 325 F. Supp. 3d 1377, 1378 (J.P.M.L. 2018) (denying centralization of three actions bringing nearly identical legal challenges to certain ABA standards governing law school accreditation); *In re SFPP, LP., R.R. Prop. Rights Litig.*, 121 F. Supp. 3d 1360, 1361 (J.P.M.L. 2015) (denying centralization where the "key issue" in the litigation was "legal in nature," observing that "[s]eeking a uniform legal determination . . . generally is not a sufficient basis for centralization.").

-4-

number of judges presiding over the claims in a single action.[7] This degree of separation and remand likely would diminish, rather than enhance, efficiencies.

Alternatives to centralization are available to minimize duplicative pretrial proceedings. Where multiple actions are pending in a single district, the parties can seek to organize the actions before a single judge, as already has occurred in the Southern District of New York, the District of South Carolina, and the Southern District of Florida. Informal coordination also appears to be practicable across districts, as just four groups of plaintiffs' counsel represent plaintiffs in 50 of the 62 actions in this litigation and the most frequently-named defendants appear to be represented by national counsel. Additionally, all actions are in their infancy, which will further facilitate coordinated pretrial proceedings.

IT IS THEREFORE ORDERED that the motion for centralization of the actions listed on Schedule A is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

R. David Proctor        Catherine D. Perry
Nathaniel M. Gorton     Matthew F. Kennelly

---

[7] As noted above, Chase supports a Chase-only MDL. Additionally, Bank of America, Truist Bank, PNC, and U.S. Bank each propose their own respective lender-specific MDLs in the event the actions are centralized over their objections. About 60 other defendants that oppose centralization alternatively propose lender-specific MDLs. And plaintiffs have proposed lender-specific MDLs for the 15 largest PPP lenders and national banks sued in three or more actions.

IN RE: PAYCHECK PROTECTION PROGRAM (PPP)     MDL No. 2950
AGENT FEES LITIGATION

## SCHEDULE A

<u>Northern District of Alabama</u>

LEIGH KING NORTON & UNDERWOOD LLC v. REGIONS FINANCIAL
    CORPORATION, ET AL., C.A. No. 2:20-00591

<u>District of Arizona</u>

PANDA ACCOUNTING LLC v. ACADEMY BANK NA, ET AL.,
    C.A. No. 2:20-00985

<u>Central District of California</u>

AMERICAN VIDEO DUPLICATING, INC., ET AL. v. CITIGROUP INC., ET AL.,
    C.A. No. 2:20-03815

AMERICAN VIDEO DUPLICATING, INC. v. ROYAL BANK OF CANADA, ET AL.,
    C.A. No. 2:20-04036

BRUNNER ACCOUNTING GROUP v. SVB FINANCIAL GROUP, ET AL.,
    C.A. No. 2:20-04235

<u>District of Colorado</u>

IMPACCT, LLC v. JPMORGAN CHASE & CO., ET AL., C.A. No. 1:20-01344

<u>Northern District of Florida</u>

SPORT & WHEAT CPA PA v. SERVISFIRST BANK, INC., ET AL., C.A. No. 3:20-05425

<u>Northern District of Georgia</u>

ALLIANT CPA GROUP, LLC v. BANK OF AMERICA CORP., ET AL.,
    C.A. No. 1:20-02026

<u>Northern District of Illinois</u>

A.D. SIMS, LLC v. WINTRUST FINANCIAL CORPORATION, ET AL.,
    C.A. No. 1:20-02644

A-2

Southern District of Ohio

DAVID S. LOWRY, CPA, LTD v. U.S. BANCORP, ET AL., C.A. No. 1:20-00348

Western District of Pennsylvania

HALLOCKSHANNON, PC v. CITIZENS & NORTHERN CORP., ET AL.,
    C.A. No. 2:20-00714

District of Utah

PANDA GROUP PC v. BANK OF AMERICA CORP., ET AL., C.A. No. 4:20-00045